UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


LESLIE FAIR-GRAY, *et al.,*

            Plaintiffs,

            v.

UNITED STATES OF AMERICA, *et al.,*

            Defendants.

Civil Action No. 03-1372
(EGS)(AK)


## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to Rule 72.1(a)(16) of the Local Rules of the United States District Court for the District of Columbia for a Report and Recommendation on Plaintiffs Leslie Fair-Gray and Brandon Gray's Motion to Compel Defendant United States of America's Production of Dirk Dijkerman's Medical Records ("Motion") [56]. Before the undersigned are Plaintiffs' Motion [56], Defendants' Opposition thereto ("Opposition") [64], and Plaintiffs' Reply ("Reply") [67]. Upon consideration of the pleadings and the entire record herein, the undersigned recommends that Plaintiffs' Motion be **GRANTED**.


## I. BACKGROUND

The present case stems from a two car accident in Nairobi, Kenya on February 5, 2001 just after 7:00pm. After leaving a U.S. Embassy event, Dirk Dijkerman, an employee of the U.S. Agency for International Development, collided with two other American citizens: Reuben Gray, the driver, and Brandon Gray, Reuben Gray's son and passenger. As a result of the collision, Reuben Gray died two days later and Brandon Gray sustained injuries.

Four months prior to the accident, Mr. Dijkerman had been flown back ("medevaced") from Nairobi to Washington, D.C. for treatment of a vision impairment. On October 3, 2000, he received laser eye surgery by Dr. Bressler at Johns Hopkins University. That same day, October 3, 2000, Mr. Dijkerman signed a Release of Medical Information authorizing Dr. Bressler to release his information to the State Department. *See* Opposition Exhibits A, B. The State Department's Office of Medical Services ("State Med") recleared Mr. Dijkerman to return to Nairobi on the condition that he submit follow-up medical reports to State Med which would continuously monitor his vision impairment. Motion, Exhibit No. 7. Follow-up medical appointments were regularly scheduled: one each month for the next three months, then one every three months for one year, then every 6 to 12 months. *Id.* at Exhibit No. 6. State Med noted that if Mr. Dijkerman's condition deteriorated, his service in Nairobi would be "curtailed." *Id.* The follow-up medical records at issue were never submitted to State Med. Mr. Dijkerman, however, remained in Nairobi continuing his service. Reply at 5.

Following the February 5, 2001 car accident, Plaintiffs sued eight Defendants, including Mr. Dijkerman. The United States moved to substitute itself in the suit for Mr. Dijkerman claiming that he was at a work-related Embassy event and thus was operating in his official capacity as a federal employee of the State Department at the time of the accident.

On September 2, 2003, Defendants moved to dismiss, in part, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See* Motion to Dismiss dated September 2, 2003 [3]. The Court denied the Motion to Dismiss but limited discovery to jurisdictional issues in response to the 12(b)(1) challenge. *See* Order dated November 13, 2003 [19]. In the instant Motion, Plaintiffs seek to compel production of Mr. Dijkerman's medical records to resolve a jurisdictional issue. Motion at 1. Defendants responded by arguing first, that this claim is barred by the discretionary function exception of the Federal Tort Claims Act ("FTCA"), 28 § U.S.C. 2680(a), and by the

foreign country exception of the FTCA, 28 U.S.C. § 2680(k).  Second, Defendants argue that Mr. Dijkerman's medical records do not pertain to jurisdictional issues and thus are not discoverable.

## II. LEGAL STANDARD

### A.    Relevancy, Fed. R. Civ. P. 26(b)

Discovery is permitted "regarding any matter, not privileged, that is relevant to the claim or defense of any party…" Fed. R. Civ. P. 26(b).  Once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable. *Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).  A party may obtain discovery of documents "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case…If a request is refused, the [requesting party] may move for a court order." Fed. R. Civ. P. 26(b)(3).

The question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  It should be sufficient for a plaintiff to show how information of the kind that is likely to be in the records could lead to admissible evidence. *Id*.

### 1.    Discretionary Function Exception, 28 U.S.C. § 2680(a)

The FTCA's discretionary function exception, 28 U.S.C. § 2680(a), precludes claims against the United States which are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the government, whether or not the discretion was abused. *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000).

However, cases where the government is alleged to have committed negligence in the performance of a function such as that performed by a private citizen, rather than in

3

the fulfillment of a broad policy-making duty, the government is subject to suit.  *Maalouf v. Swiss Confederation*, 208 F.Supp. 2d 31, 36 (D.D.C. 2002).

### 2.    Foreign Country Exception, 28 U.S.C. § 2680(k)

The FTCA's foreign country exception, 28 U.S.C. § 2680(k), provides that the United States may not be held liable in tort for acts or omissions arising in a foreign country.  *Nurse v. United States*, 226 F.3d 996, 1003 (9th Cir. 2000).  However, if harm which occurs in a foreign country is based on negligence that arose in the United States, then a "headquarters claim" allows for liability to fall on the United States.  A "headquarters claim" under the FTCA typically involves allegations of negligent guidance in an office within the United States of employees who cause damage while in a foreign country, or of activities which take place in a foreign country.  *Cominotto v. United States*, 802 F.2d 1127, 1130 (9th Cir. 1986).  Under 28 U.S.C. § 2680(k), a tort claim "arises" where a negligent act occurs, if that act proximately causes the damage. Thus, a headquarters claim exists where negligent acts in the United States proximately cause harm in a foreign country.  *Id*.

### B.    Control, Fed. R. Civ. P. 34(a)

Any party may request production of any specified documents "which are within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is being served."  Fed. R. Civ. P. 34(a).  If objection is made to requested documents or if there is failure to produce the documents, the requesting party may move for an order under Rule 37(a).  Fed. R. Civ. P. 34(b).

It is well established that "control" under Fed. R. Civ. P. 34 is to be broadly construed so that a party may be obligated to produce documents requested even though it may not actually possess the documents.  *Poole v. Textron*, 192 F.R.D. 494, 501 (D.C. Md. 2000).  A party is deemed to have "control" if they have the legal right or ability to obtain the documents from another source on demand.  *Id.*  Relationships which evidence

4

a legal right of a party to obtain a document from a non-party include a client from an attorney, an insured from an insurer, an employer from current employees. *Bleeker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 739 (E.D.N.C. 2000).

### III. ANALYSIS

The instant Motion rests on two issues: (i) whether the medical records are relevant to jurisdictional discovery, and (ii) whether the records are in the control of Defendants.

**A.      The Medical Records are Relevant to Jurisdiction.**

**1.      Discretionary Function Exception, 28 U.S.C. § 2680(a)**

Defendants argue that discovery of Mr. Dijkerman's medical records is not relevant to defeat the FTCA's discretionary function exception, 28 U.S.C. § 2680(a). Opposition at 4. To determine whether the discretionary function exception applies, the court must determine whether the challenged conduct involves an element of judgment or choice, and if so, determine whether the conduct implements social, economic or political policy considerations. *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). Defendants argue under *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001) that discovery is limited to proving or disproving the existence of a governmental rule or regulation. As a result, Defendants contend, Mr. Dijkerman's medical records are not discoverable because they have no bearing on the issue of whether State Med recleared Mr. Dijkerman pursuant to a governmental policy. Opposition at 5-6.

In response, Plaintiffs argue that the discretionary function exception does not apply or bar this case because the claim involves a matter of ordinary negligence, not regulatory policy. Reply at 6, 8. Plaintiffs concede that claims challenging a governmental policy decision are indeed barred by the discretionary function exception of the FTCA. *See United States v. Gaubert*, 499 U.S. 315, 323-25 (1991). However, claims

of ordinary negligence are distinguishable and not barred by the exception. *Andrulonis v. United States*, 593 F.Supp. 1336, 1338 (N.D.N.Y. 1984). The undersigned agrees with Plaintiffs that the instant case involves a matter of negligence, not a broad policy matter and therefore, the discretionary function exception does not apply. The purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. *United States v. Gaubert¸* 499 U.S. 315, 346 (1991). State Med's alleged failure to monitor Mr. Dijkerman's condition was simply a matter of ordinary negligence and did not rise to the level of a governmental policy decision. Therefore, Plaintiffs' Motion to Compel is not barred by the discretionary function exception, 28 U.S.C. § 2680(a).

### 2.	Foreign Country Exception, 28 U.S.C. § 2680(k)

The FTCA's foreign country exception, 28 U.S.C. § 2680(k), provides that the United States may not be held liable in tort for acts or omissions arising in a foreign country. *Nurse v. United States*, 226 F.3d 996, 1003 (9th Cir. 2000). Defendants argue that Mr. Dijkerman's medical records are not discoverable because they would not aid Plaintiffs in establishing jurisdiction required to override the FTCA's foreign country exception, 28 U.S.C. § 2680(k). Opposition at 4. However, Plaintiffs argue that these records are necessary to establish jurisdiction because they will counter the foreign country exception by establishing a headquarters claim which allows liability to fall on the United States if a negligent act in the United States proximately caused the harm in Nairobi. *See Cominotto v. United States*, 802 F.2d 1127, 1130 (9th Cir. 1986).

To establish jurisdiction under a headquarters claim, Plaintiffs must show a proximate causal connection between negligence in the United States and the damage in Nairobi. A plaintiff states a headquarters claim when she alleges that negligent acts in the United States proximately caused her harm in a foreign country. *Nurse v. United States*, 226 F.3d 996, 1003 (9th Cir. 2000). In the present case, Plaintiffs require the medical

6

records to show that the State Department was negligent either in sending Mr. Dijkerman back to Nairobi with knowledge of his vision impairment and not requiring him to use a driver at night when called out on official business, or by failing to review Mr. Dijkerman's medical reports where his reclearance was conditioned on his vision not deteriorating. *See* Motion, Exhibit No. 7; *see also* Reply at 5.

While Defendants correctly note that discovery is limited to jurisdictional issues, a headquarters claim *is* a jurisdictional issue. Plaintiffs have demonstrated their need for the medical records to proceed with their negligence theories and show the requisite causal connection under the headquarters doctrine. The undersigned finds that Mr. Dijkerman's medical records are relevant and necessary for Plaintiffs to establish their headquarters claim.

**B.      Defendants are in Control of the Medical Records.**

Defendants argue that Mr. Dijkerman's records are not within the possession, custody, or control of the State Department and thus are not discoverable under Fed. R. Civ. P. 34(a). First, Defendants claim they have no legal right to obtain the documents for reasons of preserving privacy of all federal employees. Opposition at 8. In response, Plaintiffs argue that they require only Mr. Dijkerman's medical records, which were already supposed to be submitted to State Med based on his conditional reclearance. Reply at 11-12. Plaintiffs cite *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995) to support the proposition that an employer requiring its employees to undergo certain medical treatments, to which employees agree, therefore has the ability to obtain pertinent medical reports. In the present case, it can be inferred that Mr. Dijkerman agreed to the condition of submitting his follow-up medical reports by returning to Nairobi and continuing his service there. Reply at 12; s*ee* Motion at Exhibit No. 7. Because he agreed to the condition, Mr. Dijkerman waived any restrictions on State Med to access those specific follow-up medical reports pertaining to his vision impairment.

7

*Id*.  While State Med contends it has never had actual possession of the medical records, Opposition at 8, the records should have already been submitted by Mr. Dijkerman over the course of his tenure in Nairobi.  Therefore, State Med has the ability to obtain the medical records under its agreement with Mr. Dijkerman.  *Soto v. City of Concord*, 162 F.R.D. at 619.

Second, Defendants argue that a Release of Medical Information signed by Mr. Dijkerman on October 3, 2000 authorized State Med access only to specific medical records requested in a telephone conversation which occurred on the same day the Release was signed.  Defendants claim that the Release does not apply three and a half years later.  Opposition at 9; *see* Opposition Exhibit A.  Plaintiffs respond that Mr. Dijkerman's reclearance on the condition of continuous future review of his medical records is sufficient to determine the documents are within the State Department's control, even without the signed release.  Reply at 14.

The undersigned agrees with Plaintiffs that State Med should have already received the medical records and reviewed them as it obliged itself to do under the conditions of Mr. Dijkerman's reclearance.  Because the State Department, as employer, required Mr. Dijkerman to submit his follow-up medical records for its continuous review of his impairment and because Mr. Dijkerman agreed to that condition, the undersigned finds the documents to be within the control of the State Department.

## IV.<u>RECOMMENDATION</u>

The undersigned recommends that Defendants be compelled to produce Mr. Dijkerman's medical records related to his October 2000 medevac and subsequent treatment for his eye condition, including his medical records from Johns Hopkins University, Dr. Bressler, Dr. Finkelstein, Dr. Parver and any other physicians who treated him for his impairment.

**V**.**REVIEW BY THE DISTRICT COURT**

The parties are hereby advised that under the provisions of Local Civil Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). If this Report and Recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: 10 business days (excluding weekends and holidays) plus three calendar days (including weekends and holidays). *See CNPq-Conselho Nacional De Desenvolvimento Cientifico E Technological v. Inter-Trade, Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (per curium).

DATED: _____                _____
                                     ALAN KAY
                                     UNITED STATES MAGISTRATE JUDGE

9