UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LESLIE FAIR-GRAY *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil Action No. 1:03cv01372 (EGS) <br> ) |
| UNITED STATES DEPARTMENT <br> OF STATE, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**AGENCY DEFENDANTS' STATEMENT REGARDING
MINUTE ORDERS OF AUGUST 10, 2005 AND AUGUST 17, 2005**

The Agency Defendants, by and through the undersigned counsel, submit this statement in response to the Court's Minute Orders of August 10, 2005, and August 17, 2005.

The Agency Defendants are not aware of any prejudice to any party that will result from an Order dismissing Count I of Plaintiffs' Second Amended Complaint, and remanding Plaintiffs' claims to USAID for consideration pursuant to Section 636(b) of the Foreign Assistance Act, 22 U.S.C. § 2396(b) ("Section 636(b)"). To the extent that there is a limitations period for presenting claims pursuant to Section 636(b), the deadline "may be waived by the [USAID] Deciding Official." *See* A.D.S. § 152.3.1.2(b)(1). USAID agrees to waive the filing deadline for consideration under Section 636(b) of Plaintiffs' claims arising out of the car accident on February 5, 2001, in Nairobi, Kenya involving the Grays and Mr. Dijkerman. On the merits, as Plaintiffs recognize, "USAID is afforded discretion to determine whether to pay or settle" claims presented pursuant to Section 636(b). *See* Pls. Mem. at 32.

The Agency Defendants do not contend that Plaintiffs' administrative claims were somehow insufficient to put them on notice as to the nature of Plaintiffs' overseas tort claims. There is no dispute that Plaintiffs' administrative claims included allegations of overseas negligence (including the alleged negligence of Mr. Dijkerman), as well as domestic negligence.

Nevertheless, USAID was not *required* to consider compensation of Plaintiffs' overseas tort claims under Section 636(b). By the express terms of Section 636(b), "[f]unds made available for the purposes of this chapter *may* be used for . . . expenditures outside the United States for . . . other administrative and operating purposes . . . *as may be necessary to accomplish the purposes of this chapter*." 22 U.S.C. § 2396(b) (emphasis added). The statute does not require any consideration of any type of claim under any circumstances.

Plaintiffs' reliance on *United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), is unavailing. There, the applicable regulations expressly stated that "the Board of Immigration Appeals *shall exercise such discretion* and power conferred upon the Attorney General by law as is appropriate and necessary for disposition of the case." *Id.* at 266 (emphasis added). The Court's holding was based on that language, finding that "the Board was *required* . . . to exercise its own judgment when considering appeals." *Id.* at 266 (emphasis added). Conversely, USAID's regulations contain no such mandatory language.

Here, Plaintiffs did not request consideration pursuant to Section 636(b). Amd. Compl. ¶ 38. Plaintiffs' overseas tort claims were based on false and inflammatory

accusations of drunken driving, a history of driving accidents and a visual impairment.[1]

Plaintiffs truncated the administrative review process by filing suit against Mr. Dijkerman.

Plaintiffs then contested substitution of the United States in place of Mr. Dijkerman, claiming

that he may have acted outside the scope of his employment. Under these circumstances,

USAID was not *required* to consider Plaintiffs' claims pursuant to Section 636(b). *See State

of Maine v. U.S. Dept. of Labor*, 669 F.2d 827, 832 (1st Cir. 1982) (finding that the APA

"does not require a ruling on an issue of discretion unless the aggrieved party asks that the

discretion be exercised").

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

KENNETH L. WAINSTEIN
United States Attorney
District of Columbia

PAUL F. FIGLEY
Deputy Director, Torts Branch
Civil Division

  /s/ Kimberly D. Ziropoulos
KIMBERLY D. ZIROPOULOS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4270
Facsimile: (202) 616-5200

Attorneys for Defendants U.S. Department
of State, Condoleezza Rice, U.S. Agency
for International Development, and
Andrew S. Natsios

Dated: August 18, 2005

---

[1] Plaintiffs were duly informed that the agencies' investigations did not reveal any information that would corroborate those damaging accusations. *See* Letter from Kevin M. Gleeson to Stuart H. Newberger, dated February 14, 2003 (attached to Agency Defendants Reply at Exhibit B).